**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTINA HAMEDALLAH, O/B/O E.B.,**
**a minor,**

                             **Plaintiff,**

    vs.                                    3:11-CV-939
                                                   (MAD)

**MICHAEL ASTRUE, Commissioner of**
**Social Security,**

                             **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

STEPHEN J. MASTAITIS, P.C.
1412 Route 9P
Saratoga Springs, New York 12866
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 22). The Commissioner has not opposed the motion.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

On July 20, 2012, plaintiff filed the within motion seeking attorney's fees in the sum of $3,830.38. (Dkt. No. 22).

**III.    DISCUSSION**

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having

jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A).  In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified.  *See* § 2412(d)(1)(B).

In this case, plaintiff claims that an EAJA award is available as:  (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified.

Courts have held that the substantially justified standard:

[i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact.

*Cohen v. Bowen*, 837 F.2d 582, 585 (quoting H.R.Rep. No. 96-1418, 96th Cong., 2d. Sess., 11 (1980), reprinted in 1980 U.S.C.C.A.N. 4993); *see also Henriquez v. Chater*, 1997 WL 45351, at *1 -2  (S.D.N.Y. 1997).   The party seeking attorney's fees must allege that the position of the Government was not "substantially justified".  *See Butts v. Astrue*, 565 F.Supp.2d 403, 406 (N.D.N.Y. 2008) (citing  28 U.S.C. § 2412(d)(1)(B)).  Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999).  In order to determine whether the Government was "substantially justified, courts are to apply a standard of reasonableness".  *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   The legislative history of the EAJA indicates that the substantial

justification standard "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case". *Cohen,* 837 F.2d at 585 (quoting cases and legislative history) (citations and internal quotation marks omitted).   However, the Government has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden. *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983); *see also Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987) (holding that the government must show that its action was justified in law and fact).  The Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions. *Maxey v. Chater*, 1996 WL 492906, at *3 (N.D.N.Y. 1996) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 n. 5 (11th Cir. 1990) (government must establish that all its litigation positions were substantially justified)).

In this case, plaintiff contends that defendant's position was not substantially justified. The instant motion is unopposed by the Secretary and therefore, lack of substantial justification is "impliedly admitted". *Livingston v. Sec. of Health and Human Servs*., 1989 WL 122085, at *1 (W.D.N.Y. 1989).

Plaintiff requests an award in the amount of $3,830.38 for 21 hours of attorney work.[1] When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, 1997 WL 198076, at *5 (S.D.N.Y. 1997) (citing *Aston v. Secretary of Health and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)).  The specific facts of each case determine what fee is appropriate. *Ferguson v. Apfel*, 2000 WL 709018, at *2 (E.D.N.Y. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  District courts in the Second Circuit have held that, on

---

[1] On page one of plaintiff's Memorandum of Law, there is a typographical error indicating that plaintiff seeks $4,024.11.

average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* 1997 WL 12806, at *2 (S.D.N.Y. 1997); *Hogan v. Astrue*, 539 F.Supp.2d 680, 682 (W.D.N.Y. 2008).

In this case, defendant has not opposed the motion and therefore, does not specifically object to the reasonableness of the 21 hours allegedly expended by plaintiff's counsel.  The time spent by counsel is within the acceptable range.  As defendant has not taken issue with the amount or hourly rate, the Court will not engage in an analysis of the time spent or the billing rate.[2]  *Martinez v. Astrue*, 2010 WL 890953, at *4 (N.D.N.Y. 2010). Accordingly, the Court awards attorneys' fees in the amount of $3,830.38.

## IV.     To Whom is Award Paid

In the Memorandum of Law, counsel asserts, "[p]laintiff petitions this Court for an award of attorney fees $3,830.38 to be paid to her attorney under the [ ] EAJA". *See* Dkt No. 22, p. 1. The record does not include any affidavit from plaintiff nor does it contain an Assignment of Attorneys' Fees.

In *Astrue v. Ratliff*, ––– U.S. ––––, 130 S.Ct. 2521 (2010), the Supreme Court noted:

> [t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

*Id*. at 2526–27.

Consistent with the conclusion of other courts in this Circuit, this Court finds that "*Ratliff* states explicitly that the name on the check must be plaintiff's and not her attorney's." *Manning v.*

---

[2] Plaintiff requested an hourly rate of $181.62 and $182.78.  Defendant does not object.

*Astrue,* 2011 WL 6842617, at *2 -3 (N.D.N.Y. 2011). The District Courts have also determined (and the Government here does not contest) that, as is custom, the Government should mail the fees to the attorney's office. *Wilson v. Astrue,* 2011 WL 1549471, at *2 (W.D.N.Y. 2011) (citations omitted).

## V.     CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 22) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $3,830.38, with the award to be made payable to plaintiff. Defendant is directed to mail the award to plaintiff's attorney.

**IT IS SO ORDERED.**

Dated:  January 23, 2013
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge